UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
CATHERINE JIRAK MONETTI,

                Plaintiff,

      -against-

INDEPENDENT GROUP HOME LIVING PROGRAM, INC, WALTER STOCKTON, Individually and in his capacity as Executive Director of INDEPENDENT GROUP HOME LIVING PROGRAM, INC.; WILLIAM R. HERRICK, Individually and in his capacity as Senior Director of Quality Assurance, INDEPENDENT GROUP HOME LIVING PROGRAM, INC.; CHRISTINA SMITH, Individually and in her Capacity as Director of Quality Assurance, INDEPENDENT GROUP HOME LIVING PROGRAM ,INC.; JOYCE McLEES, individually, and in her capacity as Residence Director, INDEPENDENT GROUP HOME LIVING PROGRAM, INC.; ELISA REYNOLDS, Individually and in her capacity as Residence Manager, INDEPENDENT GROUP HOME LIVING PROGRAM, INC.; INDEPENDENT GROUP HOME LIVING PROGRAM COMMUNITY TRUST B; KONRAD KUHN, PRESIDENT OF THE INDEPENDENT GROUP HOME LIVING PROGRAM, INC.; NURSE ELLIOT, individually and in his capacity as Nurse at INDEPENDENT GROUP HOME LIVING PROGRAM, INC. ANDREW CUOMO; KERRY DELANEY, Acting Commissioner of New York State Office of People with Developmental Disabilities in her individual capacity; DR. FRED M.CARTER; PECONIC BAY MEDICAL CENTER; BOARD OF DIRECTORS; PECONIC BAY MEDICAL CENTER; ANDREW MITCHELL, Individually and in his official capacity as CEO PECONIC BAY MEDICAL CENTER; JUSTICE CENTER FOR THE PROTECTION OF PEOPLE WITH SPECIALNEEDS; SATERA BROWN, Individually and in her capacity as investigator with JUSTICE CENTER FOR THE PROTECTION OF PEOPLE WITH SPECIAL NEEDS; and EDWARD TAUB, Individually and in his capacity as Senior Investigator with JUSTICE CENTER FOR THE PROTECTION OF PERSONS WITH SPECIAL NEEDS,

                Defendants.
---------------------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**

2:18-cv-00629 (ADS)(GRB)

```
------------------------------------------------------------------------X
PATRICIA JIRAK and EDWARD F. JIRAK,

                    Plaintiff,

    -against-                                                2:18-cv-01466 (ADS)(GRB)

INDEPENDENT GROUP HOME LIVING
PROGRAM,INC, WALTER STOCKTON, Individually
and in his capacity as Executive Director of
INDEPENDENT GROUP HOME LIVING PROGRAM,
INC.; WILLIAM R. HERRICK, Individually and in his
capacity as Senior Director of Quality Assurance,
INDEPENDENT GROUP HOME LIVING PROGRAM,
INC. ;JOYCE McLEES, individually, and in her capacity
as Residence Director, INDEPENDENT GROUP HOME
LIVING PROGRAM , INC.;ELISA REYNOLDS
Individually and in her capacity as Residence Manager,
INDEPENDENT GROUP HOME LIVING PROGRAM,
INC.; ANDREW CUOMO; JUSTICE CENTER FOR
THE PROTECTION OF PEOPLE WITH
SPECIALNEEDS; DENISE MIRANDA, EXECUTIVE
DIRECTOR, JUSTICE CENTER FOR THE
PROTECTION OF PEOPLE WITH SPECIAL NEEDS
and Individually ; ANTHONY BRUNO, Chief of
Investigations, JUSTICE CENTER FOR THE
PROTECTION OF PEOPLE WITH SPECIAL NEEDS
and individually; SAL SALERNO, Assistant Chief of
Investigations, Region Four, JUSTICE CENTER FOR
THE PROTECTION OF PEOPLE WITH SPECIAL
NEEDS, and Individually; SATERA BROWN,
Individually and in her capacity as investigator with
JUSTICE CENTER FOR THE PROTECTION OF
PEOPLE WITH SPECIAL NEEDS; and EDWARD
TAUB, Individually and in his capacity as Senior
Investigator with JUSTICE CENTER FOR THE
PROTECTION OF PERSONS WITH SPECIAL
NEEDS,

                    Defendants.
------------------------------------------------------------------------X
```

**SPATT, District Judge:**

On April 1, 2019, the Court referred a number of motions to dismiss by various defendants in the actions *Monetti v. Independent Group Home Living Program, Inc. et al.*, No 18-cv-0629 (ADS)(GRB) ("*Monetti*") and *Jirak v. Independent Group Home Living Program, Inc. et al.*, No. 18-cv-1466 (ADS)(GRB) ("*Jirak"*) to United States Magistrate Judge Gary R. Brown.

On July 26, 2019, Judge Brown issued a Report and Recommendation ("R&R") recommending that:

> 1. The motion of the IGHL defendants to dismiss the First, Second, Third and Fourth Causes of Action in *Monetti*, as well as the First and Fourth Causes of Action in Jirak, should be GRANTED;
>
> 2. The motion by the State defendants to dismiss the Seventh Cause of Action in *Monetti*, and the Second, Third and Fifth Causes of Action in *Jirak*, should be GRANTED;
>
> 3. Dr. Carter's motion to dismiss the Fifth Cause of Action in *Monetti* should be GRANTED. Furthermore, to the extent that the complaint purports to state a claim against Dr. Carter for violations of Jonathan's Law, that claim should be DISMISSED.
>
> 4. While the Peconic Bay defendants and defendants Reynolds and Elliot have not filed a motion, those defendants raised an affirmative defense of failure to state a claim, and some of the analysis in this Report and Recommendation may bear on that defense. As such, it is respectfully recommended that the Court direct those defendants to file a motion, if appropriate, within 30 days of the date of the Court's review of this opinion.

R&R at 17.

Presently before the Court are the Plaintiffs' objections to the R&R. For the following reasons, the Court overrules the Plaintiffs' objections and adopts the R&R in its entirety. In addition, the Court declines to exercise supplemental jurisdiction over Count Eight in the *Monetti*

action and grants the IGHL defendants' motion to dismiss in that regard, notwithstanding the absence of a recommendation from Judge Brown.

## I. DISCUSSION

**A. DISTRICT COURT REVIEW OF A MAGISTRATE JUDGE'S R&R.**

In the course of its review of a Magistrate Judge's report and recommendation, the District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1); *see DeLuca v. Lord*, 858 F.Supp. 1330, 1345 (S.D.N.Y. 1994). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." FED. R. CIV. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The district court must conduct a *de novo* review of those portions of the R&R or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The Court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F.Supp.2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985).

In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Toth v. N.Y. City Dep't of Educ.*, No. 14-cv-3776, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("Reviewing courts should review a

4

report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (quoting *Ortiz v. Barkley*, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008))), *vacated on other grounds sub nom. Toth on behalf of T.T. v. City of New York Dep't of Educ.*, ––– Fed.Appx. ––––, No. 17-383-cv, 2018 WL 258793 (2d Cir. Jan. 2, 2018); *Frankel v. City of N.Y.*, Nos. 06-Civ.-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."); *Pall Corp. v. Entergris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (holding that if the objecting party "makes only conclusory or general objections, ... the Court reviews the [R&R] only for clear error" (internal citations omitted)).

"The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." *McCarthy v. Manson*, 554 F.Supp. 1275, 1286 (D. Conn. 1982) (internal citations omitted), *aff'd*, 714 F.2d 234 (2d Cir. 1983). "There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." *Toth*, 2017 WL 78483, at *7 (*quoting Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y. 1992)).

**B. APPLICATION TO THE FACTS.**

The Court presumes the parties' familiarity with the facts and the substance of the R&R. The vast majority of the Plaintiffs' objections consist of the following perfunctory bullet points:

> 1. Objection Number One- Plaintiff objects to the Report and Recommendation as to its identification of the issues in Jirak Monettii v. IGHL, Inc., et al. CV- 18-0629 and Patricia Jirak et al. v. IGHL, Inc., et al, CV- 18-1446. Resulting in the combined recommendation for dismissal of each case, which although related

5

have distinct issues raised in their respective complaints as set forth in conclusions One and Two, page 17

2. Objection Number Two- Plaintiff Catherine Jirak Monetti, objects to the Report and Recommendation's determination at page 9 of the R & R , that Defendant IGHL's 12(c) motion raised a statute of limitation defense, which it does not: Instead, IGHL defendants moved to dismiss on the grounds that Plaintiff did not plausibly plead the requisite elements of a claim for negligent or intentional inflection of emotional distress.

3. Objection Number Three- Plaintiff Catherine Jirak Monetti objects to the Report and Recommendation at page 10 that the appropriate accrual date for the statute of limitations is the date of death of decedent Catolyn Jirak with respect to Plaintiff's

4. Objection Number Four- Plaintiff Catherine Jirak Monetti objects to the Report and Recommendation at Page 10 that Plaintiff's negligent claim comes under the "zone of danger" standard;

5. Objection Number Five- Plaintiff Catherine Jirak Monetti objects to the Report and Recommendation at page 11 that her claims fall outside the applicable statute of limitations.

6. Objection Number Six- Plaintiff Catherine Jirak Monetti objects to the Report and Recommendation's failure to even address her argument of negligence, breach of duty based upon her special relationship with IGHL.

7. Objection Number Seven- Plaintiff Catherine Jirak Monetti objects to the Report and Recommendation's determination at page 13 that there is an absence of a property interest.

8. Objection Number Eight- Plaintiff Catherine Jirak Monetti objects to the Report and Recommendation at page 14 that there is no basis for liability of Governor Cuomo.

9. Objection Number Nine- Plaintiff Catherine Jirak Monetti objects to the Report and Recommendation at pages 11 and 12 reliance upon a summary chart that does not present any evidence or argument in support of its findings of fact and conclusions of law.

10. Objection Number Ten- Plaintiff Catherine Jirak Monetti objects to the Report and Recommendation finding at page 15 that Jonathan's law does not authorize a private cause of action and that the "zone of danger " doctrine applies.

11. Objection Number Eleven- Plaintiff Catherine Jirak Monetti objects to the Report and Recommendation finding in footnote 6, page 15, that Dr. Carter's answer can be construed to include a defense of failure to state a claim.

12. Objection Number Twelve- Plaintiff Catherine Jirak Monetti objects to the Report and Recommendation finding at page 16 regarding supplemental jurisdiction.

13. Objection Number Thirteen- Plaintiff Catherin Jirak Monetti objects to the Report and Recommendation conclusion number 4, page 17, that the Court direct the Peconic Bay Medical Center defendants and IGHL defendants Reynolds and Elliot "to file a motion, if appropriate, within 30 days of the date of the Court's review of this opinion.", given that since May 30, 2018 when said defendants filed their answer, they made no attempt to file any motion.

ECF 38 at 4–5.

These are exactly the sort of conclusory objections subject to clear error review. They amount to little more than a list of disagreements with the R&R, without any analysis whatsoever, let alone new insights that Judge Brown failed to consider. Applying a *de novo* review under these circumstances would advance none of the efficiency-minded objectives of seeking a recommendation from a magistrate judge. It would require the Court to conduct its own independent adjudication of motions already carefully considered by Judge Brown, essentially doubling the amount of time and resources expended. *See Rolle v. Educ. Bus Transp., Inc.*, No. 13-CV-1729 SJF AKT, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal"). Accordingly, the Court reviews the R&R for clear error and, finding none, now concurs in both its reasoning and its result.

With that in mind, the Court will address some of the Plaintiffs' more salient objections. The Court finds that these objections would fail even under a *de novo* review.

First, the Plaintiffs believe there should have been two separate R&Rs, because "each case, which although related have [sic] distinct issues raised in their respective complaints as set forth in conclusions One and Two." ECF 38 at 4. However, the Plaintiffs provide no indication that Judge Brown confused the issues between the cases or any other reason to decide the motions to dismiss separately other than the fact that the *Jirak* plaintiffs decided to file a new action, rather than joining as plaintiffs in the *Monetti* action. Considering both actions share the same factual nexus, and that the plaintiffs in both cases share the same counsel, the Court sees no reason to treat the cases as two separate entities, walled off from each other. This is especially true given that the Plaintiffs' own objection concedes that the cases are related.

Second, the Plaintiffs object to the R&R's supposed characterization of their claims against the IGHL defendants as claims for negligent or intentional infliction of emotional distress. This objection misconstrues the R&R. Judge Brown focused his analysis on the Plaintiffs' negligence and misrepresentation claims, only noting that they "potentially involve[ed] either negligent or intentional infliction of emotional distress." R&R at 9. To the extent that the R&R characterized the claims as "sounding" in emotional distress, it was to explain that the only injuries alleged after the death of the Plaintiffs' decedent were emotional in nature, which are only compensable when a plaintiff is in the zone of danger. The Court wholly concurs with the R&R's reasoning in that regard.

Third, the Plaintiffs object to the R&R's alleged finding that "there is no negligence with respect to the actions of the State Defendants from the Justice Center." ECF 38 at 8. The R&R made no such finding. Rather, it found that: "to the extent the § 1983 claims against the state officials are predicated upon negligence, those claims should be dismissed," because "[i]t is well established that mere negligence is insufficient as a matter of law to state a due process

8

violation", and "a violation of state law is not cognizable under § 1983." R&R at 12–13. Again, the Court agrees with the R&R on this determination.

Fourth, the Plaintiffs object that the R&R incorrectly identified the accrual date as the date of the decedent's death, because they alleged breaches of duty caused by IGHL's failure to conduct the required investigation and report the findings to the Plaintiffs after her death. As the Court previously explained, the Court agrees with the R&R that the Plaintiffs presented no cognizable legal injury after the date of the decedent's death because they fell outside the zone of danger.

Finally, the Plaintiffs object to the R&R's recommendation that the Court provide the Peconic Bay Defendants, Reynolds, and Edwards leave to move to dismiss the Complaint because those parties chose to submit an answer rather than a motion to dismiss. But as the R&R noted, those defendants each raised the affirmative defense of failure to state a claim. The R&R therefore correctly identified that its recommendations may bear on that defense, such that a motion to dismiss might bring forth a more efficient resolution of the actions.

More importantly, the Court reminds Plaintiffs' Counsel that she is in no position to complain about the supposed tardiness of other parties' filings considering that she failed to respond to the State Defendants' motion to dismiss in the *Monetti* action until over a year after it was due.

Therefore, the Court finds the Plaintiffs' objections totally without merit.

**C. AS TO COUNT EIGHT IN THE *MONETTI* ACTION.**

On August 12, 2019, the IGHL defendants submitted letter requesting clarification from Judge Brown regarding their motion to dismiss Count Eight of the *Monetti* action, a state law breach of contract claim for failure to adhere to the terms and conditions of the trust fund

9

established for Carolyn Jirak. Based on the Court's review, it appears that the R&R made no recommendation with respect to whether to dismiss that count. Nonetheless, the Court finds dismissal appropriate because it declines to exercise supplemental jurisdiction.

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c); (c)(3); *see Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d. Cir. 2011). The Supreme Court explained: "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

Given the absence of a viably pled federal claim, as explained above, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the Complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over Count eight in the *Monetti* action.

## II. CONCLUSION

For the foregoing reasons, the Court overrules the Plaintiffs' objections and adopts the R&R in its entirety. Accordingly, it is so:

**ORDERED** that the motion of the IGHL defendants to dismiss the First, Second, Third, Fourth and Eighth Causes of Action in *Monetti*, as well as the First and Fourth Causes of Action in *Jirak*, is **GRANTED**;

**ORDERED** that motion by the State defendants to dismiss the Seventh Cause of Action in *Monetti*, and the Second, Third and Fifth Causes of Action in *Jirak*, is **GRANTED**;

**ORDERED** that Dr. Carter's motion to dismiss the Fifth Cause of Action in *Monetti* is **GRANTED**;

**ORDERED** that, to the extent that the Complaint purports to state a claim against Dr. Carter for violations of Jonathan's Law, that claim is **DISMISSED**;

**ORDERED** that the Peconic Bay defendants and defendants Reynolds and Elliot shall file a motion to dismiss within 30 days of the issuance of this order;

**SO ORDERED.**

Dated: Central Islip, New York
September 23, 2019

_____/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge